DOC # _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 2889

-----------------------------------------------------------------X

PAULETTE JOHNSON,

                 Plaintiff,

-against-

PFIZER, INC.,

                 Defendant.

-----------------------------------------------------------------X

**CASE NUMBER:**

**COMPLAINT
AND DEMAND
FOR JURY TRIAL**

Plaintiff, by her attorneys, **DOUGLAS & LONDON, P.C.**, upon information and belief, at all times hereinafter mentioned, alleges as follows:

## JURISDICTION

1.    This Court has jurisdiction pursuant to 28 United States Section 1332, in that Plaintiff is a citizen of a State, which is different from the State where Defendant is incorporated and has their principal places of business. The amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) as to the Plaintiff.

## NATURE OF THE CASE

2.  Defendant, PFIZER, INC. (hereinafter referred to as "PFIZER"), designed, tested, researched, manufactured, marketed, advertised, sold and distributed Bextra and/or Celebrex, for the treatment of arthritis and acute pain.

1

3.     As a result of the defective nature of Bextra and/or Celebrex, Plaintiff herein, has
suffered severe and permanent personal injuries, other severe and permanent health
consequences that are lasting in nature including but not limited to heart attacks, strokes,
blood clots, kidney damage, as well as other severe and permanent health consequences.

4.     Defendant, PFIZER, concealed its knowledge of Bextra and/or Celebrex's
defects, hazards, and  test results from the Plaintiffs and their physicians and pharmacists.

5.     Defendant, PFIZER, failed to adequately conduct testing and/or research on

Bextra and/or Celebrex, prior to marketing, manufacturing, distributing, and/or selling
said drug.

6.     Defendant, PFIZER, failed to adequately conduct post-marketing surveillance

and/or testing of its drug Bextra and/or Celebrex subsequent to its marketing,
manufacturing, distribution,   and/or selling of said drug.

7.     Defendant under-reported, underestimated and downplayed the serious and
dangerous side effects of Bextra and/or Celebrex.

## PARTY PLAINTIFF

8.     Plaintiff, PAULETTE JOHNSON, is and at all times hereto was a resident of
Fresno, California.

9.     Plaintiff, LINDA MARLER, was prescribed and began taking Bextra and/or
Celebrex in or about December 2000 and consistently ingested Bextra and/or
Celebrex until in or about June 2003.  At all times mentioned, Plaintiff, PAULETTE
JOHNSON, used Bextra and/or Celebrex as prescribed and in a foreseeable manner.

2

10.    As a direct and proximate result of ingesting Bextra and/or Celebrex, Plaintiff, PAULETTE JOHNSON, suffered a heart attack, experienced severe pain and suffering, and has sustained permanent injuries and emotional distress.

11.    Defendant, PFIZER is incorporated in the State of Delaware, with its principal place of business at 235 East 42nd Street, New York, New York 10017.

12.    Defendant, PFIZER, was and still is a domestic corporation that is doing business in the State of New York.

13.    Defendant, PFIZER, transacts and conducts business in the State of New York.

14.    Defendant, PFIZER, regularly does and/or solicits business within the State of New York.

15.    Defendant, PFIZER, derives substantial revenue from goods used or consumed in the State of New York.

16    Defendant, PFIZER, expected or should have expected its acts to have consequences within the State of New York, and derives substantial revenue from interstate commerce within the United States of America, and New York State, more particularly.

17.    At all times relevant hereto, Defendant PFIZER was engaged in the business of testing, developing, manufacturing, distributing, licensing, labeling and/or marketing, either directly or indirectly through third parties or related entities, the drug, Bextra and/or Celebrex, throughout the United States.

3

18.     This Court has personal jurisdiction over PFIZER as the company is present, domiciled and/or doing business within New York. Upon information and belief, PFIZER is licensed to do business in New York, transacts business in New York, and a substantial part of the events and/or omissions giving rise to the claims occurred in New York.

## FACTUAL BACKGROUND

19.     The Food and Drug Administration (hereinafter referred to as "the FDA") first approved Bextra and/or Celebrex in November 2001 for the treatment of osteoarthritis, rheumatoid arthritis and primary dysmenorrhea.

20.     Bextra and/or Celebrex is the brand name of valdecoxib, one of a class of drugs called non-steroidal anti-inflammatory drugs ("NSAIDs") which work to reduce inflammation and pain by providing analgesic and anti-inflammatory benefits to persons with, arthritis and muscle pain, among other conditions.

21.     Bextra and/or Celebrex is a COX-2 inhibitor, which is designed to produce prostaglandins at inflammatory sites, and to produce prostacyclin, a vasodilator and an inhibitor of platelet aggregation.

22.     Despite having clinical data in its possession confirming an increased risk of cardiovascular injury, Defendant, PFIZER represented to consumers, their physicians, and/or Plaintiffs that Bextra and/or Celebrex was safe, and that any cardiovascular and/or cardiothrombotic side effects were not associated with the drug.

4

23.     On October 15, 2004, PFIZER announced that studies did in fact demonstrate that the occurrence of strokes and heart attacks among Bextra and/or Celebrex users was more that double that of individuals given placebos.

24.     On April 7, 2005 the FDA ordered PFIZER to issue a Bextra and/or Celebrex recall due to significant concerns about the safety of their top-selling painkiller.

25.     Defendant, either directly or through its agents, servants, and employees, designed, manufactured, marketed, advertised, distributed, and sold Bextra and/or Celebrex for the treatment of arthritis and acute pain.

26.     Defendant did not warn consumers in any way and/or adequately warn, including Plaintiff, about the risk of cardiovascular, strokes, heart attacks, kidney damages, and/or other serious injuries caused by Bextra and/or Celebrex.

27.     Defendant misrepresented and failed to appropriately warn consumers, including Plaintiffs, and the medical community of the dangerous risk of suffering a stroke or heart attack, as well as other severe and permanent health consequences caused by Bextra and/or Celebrex, and consequently placed its profits above the safety of its customers.

28.     Defendant concealed its knowledge of Bextra and/or Celebrex's unreasonably dangerous risks from Plaintiff, other consumers, and the medical community.

29.     As a result of the defective nature of Bextra and/or Celebrex, those persons who were prescribed

5

and ingested Bextra and/or Celebrex, including Plaintiff, has suffered and may continue to suffer severe and permanent personal injuries, including an increased risk of heart attack and stroke, as well as other severe and permanent injuries.

## FIRST CAUSE OF ACTION
## AS AGAINST DEFENDANT, PFIZER
## (NEGLIGENCE & NEGLIGENCE PER SE)

30.     Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

31.     Defendant had a duty to exercise reasonable care in the warning of, designing, researching, testing, labeling, manufacturing, marketing, supplying, promoting, packaging, selling, and/or distribution of Bextra and/or Celebrex, including a duty to ensure that Bextra and/or Celebrex did not cause users to suffer from unreasonable, unknown, and/or dangerous side effects.

32.     Defendant failed to exercise reasonable care in the warning about, designing, researching, testing, labeling, manufacturing, marketing, supplying, promoting, packaging, selling, and/or distribution of Bextra and/or Celebrex into interstate commerce in that Defendant knew or should have known that taking Bextra and/or Celebrex caused unreasonable and dangerous injuries, including stroke, heart attack, and death.

33.     Defendant breached its duty and was negligent in its actions, is representations, and omissions toward Plaintiff, in part, in the following ways:

6

a.    Failed to exercise due care in designing, testing, developing, and manufacturing Bextra and/or Celebrex so as to avoid the aforementioned risks to individuals, including but not limited to Plaintiff herein, who were using Bextra and/or Celebrex;

b.    Failed to include adequate warnings with Bextra and/or Celebrex that would alert Plaintiffs and other consumers, and/or their prescribing physicians to its potential risks and serious side effects;

c.    Failed to adequately and/or properly test Bextra and/or Celebrex before placing it on the market;

d.    Failed to conduct sufficient testing and/or tests of/on Bextra and/or Celebrex, which if properly performed, would have shown that Bextra and/or Celebrex had serious side effects, including, but not limited to, stroke, heart attack, and death;

e.    Failed to adequately warn Plaintiff and/or his/her/their physician(s) that use of Bextra and/or Celebrex carried a risk of disability and death due to stroke, heart attack, and other serious side effects;

f.    Failed to provide adequate post-marketing warnings or instructions after Defendant knew, or should have known, of the significant risks of stroke, heart attack, and death from the use of Bextra and/or Celebrex;

g.    Failed to warn Plaintiffs prior to actively encouraging the sale of Bextra and/or Celebrex, either directly or indirectly, orally or in writing, about the need for comprehensive, regular medical monitoring to ensure early discovery of potentially serious side effects;

h.    Placed an unsafe product into the stream of commerce; and

i.    Were otherwise careless and/or negligent.

34.    Defendants under-reported, underestimated and/or downplayed the serious and dangerous side effects of Bextra and/or Celebrex.

35.    Defendant knew, or should have known, that Bextra and/or Celebrex caused unreasonably dangerous risks and serious side effects of which individuals, including but not limited to Plaintiff herein, and/or their physicians would not be aware.

7

36.     Defendant knew or should have known that consumers such as Plaintiff would suffer injury as a result of Defendant's failure to exercise reasonable care as described herein.

37.     Despite the fact that Defendant, PFIZER, knew or should have known that Bextra and/or Celebrex                    caused unreasonably dangerous side effects, Defendant continued to market, manufacture, distribute and/or sell Bextra and/or Celebrex to consumers, including but not limited to Plaintiffs herein, until April 7, 2005, when the FDA forced Defendant, PFIZER, to withdraw Bextra and/or Celebrex from the market.

38.     Defendant, PFIZER, knew or should have known that consumers, such as Plaintiffs herein, would foreseeably suffer injury as a result of Defendant, PFIZER's failure to exercise ordinary care.

39.     As a direct and proximate result of Defendant's negligence as described herein, Plaintiffs have sustained harm, including permanent and debilitating injuries. These injuries have caused, and will continue to cause, extensive pain and suffering and severe emotional distress, and have substantially reduced Plaintiffs' ability to enjoy life and loss of earnings; and have caused, and will continue to cause, Plaintiffs to expend substantial sums of money for medical, hospital, and related care, all to Plaintiffs' general damage.

40.     As a result of the foregoing acts and omissions, the Plaintiffs herein were, and/or still are, caused to suffer severe and permanent personal injuries, physical pain and mental anguish, including diminished enjoyment of life, loss of earnings, medical expenses, and other serious injuries, which are permanent and lasting in nature.

8

41. As a direct and proximate result of Defendant's negligence as described herein, Plaintiff has incurred expenses for reasonable and necessary healthcare treatment and services. Upon information and belief, Plaintiffs will be required to obtain medical and/or hospital care, attention, and services in an amount as yet unascertained.

42. By reason of the foregoing, Plaintiff has been damaged as against the defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## SECOND CAUSE OF ACTION
## AS AGAINST DEFENDANT, PFIZER
## (STRICT PRODUCTS LIABILITY)

43. Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

44. At all times herein mentioned, the Defendant, PFIZER, manufactured, compounded, distributed, recommended, supplied, merchandized, advertised, promoted and/or sold, the aforesaid Bextra and/or Celebrex as hereinabove described, and Plaintiff used said product.

45. That Bextra and/or Celebrex was expected to and did reach the usual consumers, handlers, and persons coming into contact with said product without substantial change in the condition in which it was produced, manufactured, sold, distributed, and marketed by the Defendant, PFIZER.

9

46.    At those times, the drug product Bextra and/or Celebrex, was in an unsafe, defective, and inherently dangerous condition, which was dangerous to users, and in particular, the Plaintiff herein.

47.    The Bextra and/or Celebrex manufactured and/or supplied by Defendant, PFIZER, was defective in design or formulation in that, when it left the hands of the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation.

48.    The Bextra and/or Celebrex manufactured and/or supplied by Defendant, PFIZER, was defective in design and/or formulation, in that, when it left the hands of the Defendant manufacturer and/or supplier, it was unreasonably dangerous, and it was more dangerous than an ordinary consumer, including Plaintiff herein, would expect.

49.    At all times herein mentioned, the said drug product Bextra and/or Celebrex was in a defective condition and unsafe, and Defendant, Pfizer, knew or had reason to know that said product was defective and unsafe, especially when used in the form and/or manner as provided by the Defendant, PFIZER.

50.    Defendant, PFIZER, knew, or should have known that at all times herein mentioned its Bextra and/or Celebrex was in a defective condition, inherently dangerous and unsafe.

51.    At the time of the Plaintiff's use of Bextra and/or Celebrex, said drug was being used for the purposes and in a manner normally intended, recommended, promoted and/or marketed by Defendant, PFIZER.

10

52.    Defendant, PFIZER, with this knowledge voluntarily designed its Bextra and/or Celebrex in a dangerous condition for consumption by the public, and in particular the Plaintiff herein.

53.    Defendant, PFIZER, had a duty to create and/or sell a product that was not unreasonably dangerous for its normal, intended use.

54.    Defendant, PFIZER, created and/or sold a product unreasonably dangerous for its normal, intended use.

55.    Defendant, PFIZER, designed, manufactured, and distributed a defective product which created an unreasonable risk to the health of consumers and to the Plaintiff herein, and Defendant, Pfizer, is therefore strictly liable for the injuries sustained by the Plaintiff herein.

56.    The Plaintiff herein could not by the exercise of reasonable care, have discovered the defects herein mentioned and/or perceived their danger.

57.    The Bextra and/or Celebrex manufactured and/or supplied by Defendant, PFIZER, was defective due to inadequate warnings or instructions because the manufacturer knew or should have known that the product created a high risk of developing serious injuries, including but not limited to heart attack, stroke, kidney damage, blood clots, and/or death, as well as other severe and permanent health consequences, and the Defendant, PFIZER, failed to adequately warn of said risks.

58.    The Bextra and/or Celebrex manufactured and/or supplied by Defendant, Pfizer, was defective due to inadequate warnings and/or inadequate testing.

11

59.     The Bextra and/or Celebrex manufactured and/or supplied by Defendant, Pfizer, was defective due to inadequate post-marketing surveillance and/or warnings because, after the manufacturer knew or should have known of the risks of this medication, it failed to provide adequate warnings to users, consumers, and/or prescribing physicians and pharmacies of the product, and Plaintiff in particular, and continued to promote the product.

60.     By reason of the foregoing, the Defendant, PFIZER, has become strictly liable in tort to the Plaintiff herein for the manufacturing, marketing, promoting, distribution, and selling of a defective product, Bextra and/or Celebrex.

61.     Defendant, PFIZER's defective design, manufacturing defect, and inadequate warnings of Bextra and/or Celebrex were acts that amount to willful, wanton, and/or reckless conduct by Defendant, PFIZER.

62.     That said defects in Defendant, PFIZER's Bextra and/or Celebrex were a substantial factor in causing Plaintiff's death.

63.     As a result of the foregoing acts and omissions, the Plaintiff herein was caused to suffer severe and permanent personal injuries, physical pain and mental anguish, including diminished enjoyment of life, loss of earnings, medical expenses, and other serious injuries, ultimately resulting in her death.

64.     As a direct and proximate result of Defendant's conduct alleged described herein, Plaintiffs have incurred expenses for reasonable and necessary healthcare treatment and services.

65.     By reason of the foregoing, Plaintiff has been damaged as against each

12

defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## THIRD CAUSE OF ACTION
## AS AGAINST DEFENDANT, PFIZER
## (BREACH OF EXPRESS WARRANTY)

66.    Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

67.    Defendant, PFIZER, expressly warranted that Bextra and/or Celebrex was safe and well accepted by users.

68.    Bextra and/or Celebrex does not conform to these express representations because Bextra and/or Celebrex is not safe and has numerous serious side effects.

69.    As a direct and proximate result of the breach of said warranties, Plaintiff herein suffered severe and permanent personal injuries, harm and economic loss ultimately resulting in her death.

70.    Plaintiff herein did rely on the express warranties of Defendant, PFIZER.

71.    Members of the medical community, including physicians, pharmacists, and/or other healthcare professionals, relied upon the representations and warranties of the Defendant, PFIZER, for use of said drug Bextra and/or Celebrex in prescribing, recommending and/or dispensing the product.

72.    The Defendant, Pfizer, herein breached the aforesaid express warranties, as its product Bextra and/or Celebrex was defective, as is, and has been, set forth herein.

13

73.     Defendant, PFIZER, expressly represented to the users and their physicians, pharmacists, and/or other healthcare providers that said drug Bextra and/or Celebrex was safe and fit for use for the purposes intended, that it was of merchantable quality, that it did not produce any dangerous side effects, and/or that it was adequately tested and fit for its intended use.

74.     Defendant, PFIZER knew or should have known that, in fact, said representations and warranties were false, misleading and untrue in that said drug Bextra and/or Celebrex was not safe and fit for the use intended, and, in fact, produced serious injuries to the user.

75.     That said breach(es) of warranty(ies) by Defendant, PFIZER was a substantial factor in causing Plaintiff's death.

76.     As a result of the foregoing acts and omissions, the Plaintiff herein was caused to suffer severe personal injuries, physical pain and mental anguish, including diminished enjoyment of life, loss of earnings, medical expenses, and other serious injuries, which ultimately resulted in her death.

77.     As a direct and proximate result of Defendant's conduct alleged described herein, Plaintiffs have incurred expenses for reasonable and necessary healthcare treatment and services.

78.     By reason of the foregoing, Plaintiff has been damaged as against each defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

14

### FOURTH CAUSE OF ACTION
### AS AGAINST DEFENDANT, PFIZER
### (BREACH OF IMPLIED WARRANTIES)

79.    Plaintiff repeats, reiterates and realleges each and every allegation of this
Complaint contained in each of the foregoing paragraphs inclusive, with the same force
and effect as if more fully set forth herein.

80.    At all times herein mentioned, the Defendant, PFIZER, manufactured,
compounded, portrayed, distributed, recommended, merchandized, advertised, promoted
and/or sold Bextra and/or Celebrex.

81.    At the time Defendant, PFIZER, marketed, sold, and distributed Bextra and/or
Celebrex for use by Plaintiff herein, Defendant, Pfizer, knew of the use for which Bextra
and/or Celebrex was intended and impliedly warranted the product to be of merchantable
quality and safe and fit for such use.

82.    The Defendant, PFIZER, impliedly represented and warranted to the users and
their physicians, pharmacists, and/or healthcare providers that Bextra and/or Celebrex
was safe and of merchantable quality, and fit for the ordinary purpose for which said
product was to be used.

83.    That said representations and warranties aforementioned were false, misleading,
and/or inaccurate in that said drug product Bextra and/or Celebrex, was unsafe,
unreasonably dangerous, improper, not of merchantable quality, and defective.

84.    Plaintiffs herein and/or members of the medical community did rely on said
implied warranty of merchantability of fitness for a particular use and purpose.

15

85.    Plaintiff and his/her/their physicians, pharmacists, and/or other healthcare
providers reasonably relied upon the skill and judgment of Defendant, PFIZER as to
whether Bextra and/or Celebrex was of merchantable quality and safe and fit for its
intended use.

86.    Bextra and/or Celebrex was injected into the stream of commerce by the
Defendant, PFIZER, in a defective, unsafe, and inherently dangerous condition and the
products and materials were expected to and did reach users, handlers, and persons
coming into contact with said products without substantial change in the condition in
which they were sold.

87.    The Defendant, PFIZER, herein breached the aforesaid implied warranties, as its
product Bextra and/or Celebrex was not fit for its intended purpose and use.

88.    That said breach(es) of warranty(ies) by Defendant, PFIZER's was a substantial
factor in causing Plaintiffs' injuries.

89.    As a result of the foregoing acts and omissions, the Plaintiff herein was caused to
suffer severe and permanent personal injuries, physical pain and mental anguish,
including diminished enjoyment of life, loss of earnings, medical expenses, and other
serious injuries, ultimately resulting in her death.

90.    As a direct and proximate result of Defendant's conduct alleged described herein,
Plaintiff had incurred expenses for reasonable and necessary healthcare treatment and
services.

91.    By reason of the foregoing, Plaintiff has been damaged as against each

16

defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## FIFTH CAUSE OF ACTION AS AGAINST DEFENDANT, PFIZER (FRAUDULENT MISREPRESENTATION)

92.    Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

93.    The Defendant, PFIZER, falsely and fraudulently represented to the medical community, and to the Plaintiff and the public in general, that said product Bextra and/or Celebrex had been tested and found to be safe and effective for the treatment of, *inter alia*, arthritis and acute pain.

94.    The representations made by Defendant, PFIZER, were, in fact, false, and when said representations were made, Defendant, PFIZER, knew those representations to be false and willfully, wantonly and recklessly disregarded whether the representations were true.

95.    These representations were made by said Defendant, Pfizer, with the intent of defrauding and deceiving the Plaintiffs herein, the public in general, and/or the medical community in particular, and with the intent of inducing the Plaintiff herein, the public in general, and/or the medical community in particular, to recommend, dispense and purchase said product Bextra and/or Celebrex for use in treating arthritis and acute pain,

17

all of which evinced a callous, reckless, willful, and depraved indifference to the health, safety and welfare of the Plaintiff herein.

96.    At the time the aforesaid representations were made by the Defendant, PFIZER, and, at the time that Plaintiff herein used Bextra and/or Celebrex, Plaintiff wase unaware of the falsity of said representations and reasonably believed them to be true.

97.    In reliance upon said representations, Plaintiff herein, were induced to and did use Bextra and/or Celebrex, thereby sustaining severe and permanent personal injuries, and being at an increased risk of sustaining additional and further severe and permanent personal injuries in the future.

98.    Defendant, PFIZER, knew and was aware or should have known that Bextra and/or Celebrex had not been sufficiently tested, was defective in nature, and that it lacked adequate warnings.

99.    Defendant, Pfizer, knew or should have known that Bextra and/or Celebrex had a potential to, could, and would cause severe and grievous injury to the users of said product, and that it was inherently dangerous.

100.    Defendant, PFIZER, brought Bextra and/or Celebrex to the market, and acted fraudulently, wantonly, and maliciously to the detriment of the Plaintiff herein, and others.

101.    As a result of the foregoing acts and omissions, the Plaintiff herein was caused to suffer severe and permanent personal injuries, physical pain and mental anguish, including diminished enjoyment of life, loss of earnings, medical expenses ultimately resulting in her death.

18

102.    As a direct and proximate result of Defendant's conduct alleged described herein, Plaintiff has incurred expenses for reasonable and necessary healthcare treatment and services.

103.    By reason of the foregoing, Plaintiff has been damaged as against each defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## SIXTH CAUSE OF ACTION AS
## AGAINST DEFENDANT, PFIZER
## (FRAUDULENT CONCEALMENT)

104.    Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

105.    At all times during the course of dealing between Defendant, PFIZER and Plaintiff herein, Defendant, PFIZER, misrepresented that Bextra and/or Celebrex was safe for its intended use.

106.    Defendant, PFIZER, knew or was reckless in not knowing that its representations were false.

107.    In representations to Plaintiff and her physicians, pharmacists, and/or other healthcare providers, Defendant, PFIZER fraudulently concealed and intentionally omitted the following material information:

19

that Bextra and/or Celebrex was not safe for use in treating, <u>inter alia</u>, arthritis and acute pain;

(a)     that Defendant was aware of Bextra and/or Celebrex's dangers;

(b)     That Bextra and/or Celebrex was defective, and that it caused dangerous side effects, including but not limited to heart attack, stroke, as well as other severe and permanent health consequences; and

(c)     That patients needed to be regularly monitored while taking Bextra and/or Celebrex;

108.     Defendant, PFIZER was under a duty to disclose to Plaintiff herein and her physicians, pharmacists and/or other healthcare providers the defective nature of Bextra and/or Celebrex, and/or the risks and dangers associated with Bextra and/or Celebrex.

109.     Defendant, PFIZER, had sole access to material facts concerning the defective nature of the product and its propensity to cause serious and dangerous side effects, and hence caused damage to persons who used Bextra and/or Celebrex, including the Plaintiff herein.

110.     Defendant, PFIZER's concealment and omissions of material facts concerning, <u>inter alia</u>, the safety of Bextra and/or Celebrex, were made purposefully, willfully, wantonly, and/or recklessly, to mislead Plaintiff and/or her physicians, pharmacists, and/or other healthcare providers into reliance, continued use of Bextra and/or Celebrex, and actions thereon, and to cause them to purchase Bextra and/or Celebrex and/or use the product.

20

111.    Defendant, PFIZER, knew that Plaintiffs and their physicians, pharmacists, and other healthcare providers had no way to determine the truth behind Defendant's concealment and omissions, and that these included material omissions of facts surrounding Bextra and/or Celebrex.

112.    Plaintiff herein, as well as their doctors, pharmacists, and other healthcare providers, reasonably and justifiably relied on Defendant, Pfizer's concealment and/or omissions of fact.

113.    As a result of the foregoing acts and omissions, the Plaintiff herein was caused to suffer severe and permanent personal injuries, physical pain and mental anguish, including diminished enjoyment of life, loss of earnings, medical expenses, and other serious injuries ultimately resulting in her death.

114.    As a direct and proximate result of Defendant's conduct alleged described herein, Plaintiff has incurred expenses for reasonable and necessary healthcare treatment and services.

115.    By reason of the foregoing, Plaintiff has been damaged as against each defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

### SEVENTH CAUSE OF ACTION AS AGAINST THE DEFENDANT (NEGLIGENT MISREPRESENTATION)

116.    Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

21

117.     Defendant, PFIZER, had a duty to represent and/or accurately represent to the medical and/or healthcare community, and to the Plaintiff, her physicians and pharmacists, the FDA and/or the public in general that said product, Bextra and/or Celebrex, had been tested and found to be safe and effective for pain relief medication.

118.     The representations made by Defendant were, in fact, false.

119.     Defendants failed to exercise ordinary care in the representation of Bextra and/or Celebrex,

while involved in its manufacture, sale, testing, quality assurance, quality control, and/or distribution of said product into interstate commerce in that Defendant negligently misrepresented Bextra and/or Celebrex's high risk of unreasonable, dangerous side effects.


120.     Defendant breached their duty in representing Bextra and/or Celebrex's serious side effects to the

medical and healthcare community, to the Plaintiff, her physicians and pharmacists, the FDA and the public in general.

121.     As a result of the negligent misrepresentations of the Defendant set forth hereinabove, said Defendant knew and were aware or should have known that Bextra and/or Celebrex had been insufficiently tested, that it had not been tested, that it lacked adequate and/or accurate warnings, and/or that it created a high risk and/or higher than acceptable risk, and/or higher than reported/represented risks, as well as unreasonable,

22

dangerous side effects, including but not limited to heart attack and stroke, as well as other severe and health consequences, including death.

122.    As a result of the foregoing acts and omissions, the Plaintiff herein was, caused to suffer severe and permanent personal injuries, physical pain and mental anguish, including diminished enjoyment of life, loss of earnings, medical expenses, and other serious injuries, ultimately resulting in her death.

123.    As a direct and proximate result of Defendant's conduct alleged described herein, Plaintiff has incurred expenses for reasonable and necessary healthcare treatment and services.

124.    By reason of the foregoing, Plaintiff has been damaged as against each defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

### EIGHTH CAUSE OF ACTION AS AGAINST THE DEFENDANT (FRAUD AND DECEIT)

125.    Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

126.    Defendant conducted research and used Bextra and/or Celebrex as part of their research.

127.    As a result of Defendant's research and testing, or lack thereof, Defendant distributed blatantly and intentionally false information, including but not limited to

23

assuring the public, the Plaintiffs, his/her their doctors, hospitals, healthcare professionals, and/or the FDA that Bextra and/or Celebrex was safe for use as a means of relieving arthritis and acute pain.

128.    As a result of Defendant's research and testing, or lack thereof, Defendant intentionally omitted certain results of testing and research to the public, healthcare professionals, the FDA, and/or the Plaintiff, in particular.

129.    Defendant had a duty when disseminating information to the public to disseminate truthful information and a parallel duty not to deceive the public and the Plaintiff herein, as well as their respective healthcare providers and/or the FDA.

130.    The information distributed to the public, in general, the FDA, and/or the Plaintiff by Defendant, including but not limited to reports, press releases, advertising campaigns, television commercials, print ads, magazine ads, billboards, and all other commercial media contained material representations of fact and/or omissions.

131.    The information distributed to the public, the FDA, and the Plaintiff by Defendants intentionally included representations that Bextra and/or Celebrex was safe for use to relieve arthritis and pain.

132.    The information distributed to the public, in general, the FDA, and/or the Plaintiff by Defendant intentionally included false representations that Bextra and/or Celebrex was not injurious to the health and/or safety of its intended users.

133.    These representations were false and misleading.

24

134.    Upon information and belief, Defendant intentionally suppressed, ignored and disregarded test results not favorable to the Defendant's product, Bextra and/or Celebrex, and results that demonstrated that the Bextra and/or Celebrex was not safe, causing risks of heart attack, stroke, kidney damage, blood clots, other serious and permanent injuries and death.

135.    Defendant intentionally made material representations to the FDA and the public, in general, including the medical profession, and/or the Plaintiff, regarding the safety of Bextra and/or Celebrex, specifically but not limited to Bextra and/or Celebrex not having dangerous and serious health and/or safety concerns.

136.    Defendant intentionally made material representations to the FDA and the public, in general, including the medical profession, and/or the Plaintiff, regarding the safety of Bextra and/or Celebrex, specifically but not limited to Bextra and/or Celebrex being as safe a mean to relieve arthritis and other acute pain.

137.    That it was the purpose of Defendant in making these representations to deceive and defraud the public, the FDA and/or the Plaintiff, to gain the confidence of the public, in general, healthcare professionals, the FDA, and/or the Plaintiffs, to falsely ensure the quality and fitness for use of Bextra and/or Celebrex and induce the public, including but not limited to the Plaintiff to purchase, request, dispense, prescribe, recommend, and/or continue to use Bextra and/or Celebrex.

138.    Defendant made the aforementioned false claims and false representations with the intent of convincing the public, in general, healthcare professionals, the FDA, and/or the Plaintiff that Bextra and/or Celebrex was fit and safe for use as pain reliever.

139.    Defendant made the aforementioned false claims and false representations with the intent of convincing the public, in general, healthcare professionals, the FDA, and/or the Plaintiff that Bextra and/or Celebrex was fit and safe for use as pain relief medication.

140.    That Defendant made claims and representations in its documents submitted to the FDA, to the public, in general, to healthcare professionals, and/or the Plaintiff that Bextra and/or Celebrex did not present a health and/or safety risk.

141.    That these representations and others made Defendant were false when made, and/or were made with a pretense of actual knowledge when knowledge did not actually exist, and/or were made recklessly and without regard to the actual facts.

142.    That these representations and others, made by Defendant, were made with the intention of deceiving and defrauding the Plaintiff herein, including her respective healthcare professionals and/or the FDA, and were made in order to induce the Plaintiff and/or her respective healthcare professionals to rely upon misrepresentations and caused the Plaintiff to purchase, use, rely on, request, dispense, recommend, and/or prescribe Bextra and/or Celebrex.

143.    That Defendant, recklessly and intentionally falsely represented the dangerous and serious health and/or safety concerns of Bextra and/or Celebrex to the public at large, and/or the Plaintiff in particular, for the purpose of influencing the marketing of a product known to be dangerous and defective and/or not safe.

144.    That Defendant willfully and intentionally failed to disclose the material facts regarding the dangerous and serious safety concerns of Bextra and/or Celebrex by

26

concealing the suppressing material facts regarding the dangerous and serious health and/or safety concerns of Bextra and/or Celebrex.

145.   That Defendant willfully and intentionally failed to disclose the truth, failed to disclose material facts and made false representations with the purpose and design of deceiving and lulling the Plaintiff, as her as their respective healthcare professionals into a sense of security so that Plaintiff would rely on the representations and purchase, use and rely on Bextra and/or Celebrex and/or that her respective healthcare providers would dispense, prescribe, and/or recommend same.

146.   Defendant, through their public relations efforts, which included but were not limited to the public statements and/or press releases, knew or should have known that the public, including the Plaintiff, as well as her respective healthcare professionals would rely upon the information being disseminated.

147.   Defendant utilized direct to consumer adverting to market, promote, and/or advertise Bextra and/or Celebrex.

148.   That at the time the representations were made, the Plaintiff and/or her respective healthcare providers did not know the truth with regard to the dangerous and serious health and/or safety concerns of Bextra and/or Celebrex.

149.   That the Plaintiff did not discover the true facts with respect to the dangerous and serious health and/or safety concerns, and the false representations of Defendant, nor could the Plaintiff with reasonable diligence have discovered the true facts.

150.   That had the Plaintiff known the true facts with respect to the dangerous and serious health and/or safety concerns of Bextra and/or Celebrex, Plaintiff and/or her

healthcare providers would not have purchased, used and/or relied on Bextra and/or Celebrex for pain relief.

151.    That the Defendant's aforementioned conduct constitutes fraud and deceit, and was committed and/or perpetrated willfully, wantonly and/or purposefully on the Plaintiff.

152.    As a result of the foregoing acts and omissions, the Plaintiff herein were, and/or still are, caused to suffer severe and permanent personal injuries, physical pain and mental anguish, including diminished enjoyment of life, loss of earnings, medical expenses, and other serious injuries, which are permanent and lasting in nature.

153.    As a direct and proximate result of Defendant's conduct alleged described herein, Plaintiff has incurred expenses for reasonable and necessary healthcare treatment and services. Upon information and belief, Plaintiff will be required to obtain medical and/or hospital care, attention, and services in an amount as yet unascertained.

154.    By reason of the foregoing, Plaintiff has been damaged as against each defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant on each of the above-referenced claims and Causes of Action as set forth and requested above, and as follows:

1.    Awarding compensatory damages to Plaintiff for past and future damages, including but not limited to pain and suffering for severe and permanent personal injuries sustained by the

Plaintiff, health care costs (past), together with interest and costs as provided by law;

2.    Punitive and/or exemplary damages for the wanton, willful, fraudulent, reckless acts of

the Defendant who demonstrated a complete disregard and reckless indifference for the safety

and welfare of the general public and to the Plaintiff in an amount sufficient to punish

Defendants and deter future similar conduct;

3.    Awarding Plaintiff reasonable attorneys fees;

4.    Awarding Plaintiff the costs of these proceedings; and

5.    Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 18, 2008

**DOUGLAS & LONDON, P.C.**

By:

MICHAEL A. LONDON (ML-7510)
111 John Street, Suite 1400
New York, New York 10038
Ph:  (212) 566-7500
Fax: (212) 566-7501
Email: mlondon@douglasandlondon.com

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demand trial by jury as to all issues.

MICHAEL A. LONDON (ML-7510)

29

JS 44C/SDNY
REV. 12/2005

**CIVIL COVER SHEET**

08 CV 2889

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS PAULETTE JOHNSON, | DEFENDANTS PFIZER, INC., |
|---|---|

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER | ATTORNEYS (IF KNOWN) |
|---|---|
| Douglas & London, P.C. 111 John Street, 14th Fl. New York, NY 10038  Ph: 212-566-7500 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

28 USC 1332 DIVERSITY CLAIM FOR INJURIES RESULTING FROM BEXTRA

Has this or a similar case been previously filed in SDNY at any time? No☐ Yes? ☒  Judge Previously Assigned Hon. Kenneth Karas

If yes, was this case Vol.☒ Invol. ☐  Dismissed. No☒ Yes ☐  If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*                    NATURE OF SUIT

### TORTS

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE
    INSTRUMENT
[ ] 150 RECOVERY OF
    OVERPAYMENT &
    ENFORCEMENT OF
    JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF
    DEFAULTED
    STUDENT LOANS
    (EXCL VETERANS)
[ ] 153 RECOVERY OF
    OVERPAYMENT OF
    VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT
    LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT
    LIABILITY
[ ] 320 ASSAULT, LIBEL &
    SLANDER
[ ] 330 FEDERAL
    EMPLOYERS'
    LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT
    LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE
    PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL
    INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY -
    MED MALPRACTICE
[X] 365 PERSONAL INJURY
    PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL
    INJURY PRODUCT
    LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL
    PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE
    PRODUCT LIABILITY

### FORFEITURE/PENALTY

[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED
    SEIZURE OF
    PROPERTY
    21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL
    SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR
    STANDARDS ACT
[ ] 720 LABOR/MGMT
    RELATIONS
[ ] 730 LABOR/MGMT
    REPORTING &
    DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR
    LITIGATION
[ ] 791 EMPL RET INC
    SECURITY ACT

### BANKRUPTCY

[ ] 422 APPEAL
    28 USC 158
[ ] 423 WITHDRAWAL
    28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY
    20 USC 7609

### OTHER STATUTES

[ ] 400 STATE
    REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC
    RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-
    ENCED & CORRUPT
    ORGANIZATION ACT
    (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/
    COMMODITIES/
    EXCHANGE
[ ] 875 CUSTOMER
    CHALLENGE
    12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC
    STABILIZATION ACT
[ ] 893 ENVIRONMENTAL
    MATTERS
[ ] 894 ENERGY
    ALLOCATION ACT
[ ] 895 FREEDOM OF
    INFORMATION ACT
[ ] 900 APPEAL OF FEE
    DETERMINATION
    UNDER EQUAL ACCESS
    TO JUSTICE
[ ] 950 CONSTITUTIONALITY
    OF STATE STATUTES
[ ] 890 OTHER STATUTORY
    ACTIONS

### ACTIONS UNDER STATUTES

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE &
    EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 246 TORT PRODUCT
    LIABILITY
[ ] 290 ALL OTHER
    REAL PROPERTY

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING
    ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH
    DISABILITIES -
    EMPLOYMENT
[ ] 446 AMERICANS WITH
    DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO
    VACATE SENTENCE
    28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 10,000,000  OTHER _____
per cause of action + punitives
*Check YES only if demanded in complaint*
JURY DEMAND: ☒ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE Hon. Kenneth Karas            DOCKET NUMBER 05-CV-5211

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

| (PLACE AN x IN ONE BOX ONLY) | | | | ORIGIN | | | | |
|---|---|---|---|---|---|---|---|---|

☒ 1 Original Proceeding  ☐ 2a. Removed from State Court  ☐ 2b. Removed from State Court AND at least one party is a pro se litigant  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from (Specify District)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge Judgment

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441) |
|---|---|---|---|

☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☐ 3 FEDERAL QUESTION (U.S. NOT A PARTY)   ☒ 4 DIVERSITY

## CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | ☒ 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | ☒ 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

See Rider to Summons

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

See Rider to Summons

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    ☐ WHITE PLAINS    ☒ FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

| DATE March 18, 2008 | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT |
|---|---|---|
| RECEIPT # | | [ ] NO [x] YES (DATE ADMITTED Mo. 11  Yr. 1997 ) Attorney Bar Code # ML-7510 |

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

s no objection is
at this time, the
.ifted.

MAY 2 0 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MAY - 2 2008**

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

U.S. DISTRICT COURT
MAY 2 . 2008
S.D. OF N.Y.

**IN RE: BEXTRA AND CELEBREX MARKETING, SALES**
**PRACTICES AND PRODUCTS LIABILITY LITIGATION**

MDL No. 1699

**FILED**

(SEE ATTACHED SCHEDULE)

MAY 2 0 2008

**CONDITIONAL TRANSFER ORDER (CTO-102)**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

On September 6, 2005, the Panel transferred 30 civil actions to the United States District Court for
the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to
28 U.S.C. § 1407. *See* 391 F.Supp.2d 1377 (J.P.M.L. 2005). Since that time, 1,214 additional
actions have been transferred to the Northern District of California. With the consent of that court,
all such actions have been assigned to the Honorable Charles R. Breyer.

It appears that the actions on this conditional transfer order involve questions of fact that are
common to the actions previously transferred to the Northern District of California and assigned to
Judge Breyer.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199
F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern
District of California for the reasons stated in the order of September 6, 2005, and, with the consent
of that court, assigned to the Honorable Charles R. Breyer.

This order does not become effective until it is filed in the Office of the Clerk of the United States
District Court for the Northern District of California. The transmittal of this order to said Clerk shall
be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of
the Panel within this 15-day period, the stay will be continued until further order of the Panel.

A CERTIFIED TRUE COPY

MAY 2 0 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By
Deputy Clerk
Date _____5-20-08_____

**IN RE. ˉEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION**                    MDL No. 1699

## SCHEDULE CTO-102 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**          **CASE CAPTION**

KANSAS
   KS   2   07-2457          Valerie Coats v. Pfizer Inc.

MINNESOTA
   MN   0   08-950          Joanne Schwandt v. Pfizer Inc., et al.
   MN   0   08-954          Sarah Benton v. Pfizer Inc., et al.

NEW YORK SOUTHERN
   NYS  1   08-2889          Paulette Johnson v. Pfizer Inc.
   NYS  1   08-2890          Linda Marler, et al. v. Pfizer Inc.
   NYS  1   08-3353          Betty Sundhausen, et al. v. Pfizer Inc.
   NYS  1   08-3394          Marie Maki v. Pfizer Inc.
   NYS  1   08-3395          Jimmie L. Brockman v. Pfizer Inc.

**IN RE:  EXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION**                MDL No. 1699

## INVOLVED COUNSEL LIST (CTO-102)

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
Embarcadero Center West, 30th Floor
275 Battery Street
San Francisco, CA 94111-3339

R. Douglas Gentile
DOUTHIT FRETS ROUSE GENTILE & RHODES LLC
903 East 104th Street
Suite 610
Kansas City, MO 64131

Erin A. Juzapavicus
WILNER BLOCK PA
3127 Atlantic Blvd.
Suite 3
Jacksonville, FL 32207

Michael A. London
DOUGLAS & LONDON PC
111 John Street
Suite 1400
New York, NY 10038

Gregory A. Markel
CADWALADER WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281

Ted G. Meadows
BEASLEY ALLEN CROW METHVIN PORTIS & MILES PC
P.O. Box 4160
Montgomery, AL 36103-4160

Amy W. Schulman
DLA PIPER US LLP
1251 Avenues of the Americas
27th Floor
New York, NY 10020-1104

CLOSED, ECF, RELATED

# U.S. District Court
# United States District Court for the Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:08-cv-02889-RWS
# Internal Use Only

Johnson v. Pfizer, Inc.
Assigned to: Judge Robert W. Sweet
Demand: $9,999,000
Related Case: 1:08-cv-02887-RWS
Cause: 28:1332 Diversity-Product Liability

Date Filed: 03/19/2008
Date Terminated: 06/03/2008
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

**Paulette Johnson**                    represented by **Michael A. London**
                                        Douglas & London, P.C.
                                        111 John Street
                                        Suite 1400
                                        New York, NY 10038
                                        (212) 566-7500
                                        Fax: (212) 566-7501
                                        Email:
                                        mlondon@douglasandlondon.com
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pfizer, Inc.**

A CERTIFIED COPY                    CLERK
J. MICHAEL McMAHON,

BY _____ DEPUTY CLERK

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 03/19/2008 | 1 | COMPLAINT against Pfizer, Inc.. (Filing Fee $ 350.00, Receipt Number 645187)Document filed by Paulette Johnson.(mbe) (laq). (Entered: 03/21/2008) |
| 03/19/2008 | | SUMMONS ISSUED as to Pfizer, Inc.. (mbe) (Entered: 03/21/2008) |
| 03/19/2008 | | CASE REFERRED TO Judge Kenneth M. Karas as possibly related to 1:05-cv-5211. (mbe) (Entered: 03/21/2008) |
| 03/19/2008 | | Case Designated ECF. (mbe) (Entered: 03/21/2008) |

| 04/10/2008 | | CASE ACCEPTED AS RELATED. Create association to 1:08-cv-02887-RWS. Notice of Assignment to follow. (mbe) (Entered: 04/16/2008) |
|---|---|---|
| 04/10/2008 | 2 | NOTICE OF CASE ASSIGNMENT to Judge Robert W. Sweet. (mbe) (mbe). (Entered: 04/16/2008) |
| 04/10/2008 | | Magistrate Judge Michael H. Dolinger is so designated. (mbe) (Entered: 04/16/2008) |
| 05/27/2008 | 3 | CERTIFIED TRUE COPY OF CONDITIONAL MDL TRANSFER OUT ORDER FROM THE MDL PANEL...transferring this action from the U.S.D.C. - S.D.N.Y to the United States District Court - Northern District of California. (Signed by MDL Panel on 5/20/08) (laq) (Entered: 06/03/2008) |
| 06/03/2008 | | MDL TRANSFER OUT: Mailed certified copy of docket entries and transfer order along with letter of acknowledgment to the United States District Court - Northern District of California. Mailed via Federal Express AIRBILL # 8655 7112 4510 on 6/3/08. (laq) (Entered: 06/03/2008) |
| 06/03/2008 | | ***NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney Michael A. London for noncompliance with Section (3) of the S.D.N.Y. 3rd Amended Instructions For Filing An Electronic Case or Appeal and Section 1(d) of the S.D.N.Y. Procedures For Electronic Case Filing. E-MAIL the PDF for Document 1 Complaint to: case_openings@nysd.uscourts.gov. (laq) (Entered: 06/03/2008) |