AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone:  (213) 430-3400
Facsimile:  (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendant
PFIZER INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1699 |
| | CASE NO 3:08-cv-02952-CRB |
| *This document relates to* | |
| PAULETTE JOHNSON, | **PFIZER INC.'S ANSWER TO COMPLAINT** |
| Plaintiff, | |
| vs. | **JURY DEMAND ENDORSED HEREIN** |
| PFIZER, INC., | |
| Defendant. | |

NOW COMES Defendant Pfizer Inc. (improperly captioned in Plaintiff's Complaint as "Pfizer, Inc.") ("Pfizer" or "Defendant") and files this Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**I.**

**PRELIMINARY STATEMENT**

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Bextra® (valdecoxib) ("Bextra®") and Celebrex® (celecoxib) ("Celebrex®"). Accordingly, this Answer can only be drafted generally. Defendant may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Bextra® and Celebrex®.

**II.**

**ORIGINAL ANSWER**

**Response to Allegations Regarding Jurisdiction**

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount in controversy, and, therefore, denies the same. However, Defendant admits that Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

**Response to Allegations Regarding the Nature of the Case**

2.      Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendant admits that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial andenomatous polyposis ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery); (6) for the relief of signs and symptoms of ankylosing spondylitis; and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    (7) fore the relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two

2    years and older.  Defendant denies the remaining allegations in this paragraph of the Complaint.

3    3.        Defendant is without knowledge or information sufficient to form a belief as to the truth

4    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

5    or Celebrex®, and, therefore, denies the same.  Defendant states that Bextra® and Celebrex®

6    were and are safe and effective when used in accordance with their FDA-approved prescribing

7    information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are

8    adequately described in their FDA-approved prescribing information, which was at all times

9    adequate and comported with applicable standards of care and law.  Defendant denies any

10   wrongful conduct, denies that Bextra® or Celebrex® are defective, denies that Bextra® or

11   Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this

12   paragraph of the Complaint.

13   4.        Defendant states that Bextra® and Celebrex® were and are safe and effective when

14   used in accordance with their FDA-approved prescribing information.  Defendant states that the

15   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

16   approved prescribing information, which was at all times adequate and comported with

17   applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

18   Bextra® or Celebrex® are defective, and denies the remaining allegations in this paragraph of

19   the Complaint.

20   5.        Defendant states that Bextra® and Celebrex® were and are safe and effective when

21   used in accordance with their FDA-approved prescribing information.  Defendant states that the

22   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

23   approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

25   remaining allegations in this paragraph of the Complaint.

26   6.        Defendant states that Bextra® and Celebrex® were and are safe and effective when

27   used in accordance with their FDA-approved prescribing information.  Defendant states that the

28   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

7.    Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

<u>**Response to Allegations Regarding Parties**</u>

8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, denies the same. Defendant denies the remaining allegations in this paragraph of the Complaint.

9.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra® or Celebrex®, and, therefore, denies the same. Defendant states that Plaintiff fails to provide the context for the remaining allegations in this paragraph of the Complaint regarding Linda Marler. Defendant is therefore without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, denies the same. Defendant denies the remaining allegations in this paragraph of the Complaint.

10.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra® or Celebrex®, and, therefore, denies the same. Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies that

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra® or Celebrex® caused Plaintiff injury or damages and denies the remaining allegations in this paragraph of the Complaint.

11.    Defendant admits that it is a Delaware corporation with its principal place of business in New York.  Defendant denies the remaining allegations in this paragraph of the Complaint.

12.    Defendant admits that it is a Delaware corporation with its principal place of business in New York.  Defendant admits that it does business in New York.  Defendant denies the remaining allegations in this paragraph of the Complaint.

13.    Defendant admits that it does business in New York.  Defendant denies the remaining allegations in this paragraph of the Complaint.

14.    Defendant admits that it does business in New York.  Defendant denies the remaining allegations in this paragraph of the Complaint.

15.    Defendant admits that it does business in New York.  Defendant denies the remaining allegations in this paragraph of the Complaint.

16.    Defendant admits that it does business in the United States, including New York. Defendant denies the remaining allegations in this paragraph of the Complaint.

17.    Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies the remaining allegations in this paragraph of the Complaint.

18.    Defendant admits that it is registered to do and does business in New York.  Defendant is without knowledge or information sufficient to form a belief as to the judicial district in which the asserted claims allegedly arose, and, therefore, denies the same.  Defendant denies any wrongful conduct, denies committing a tort in the States of New York or California, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Factual Allegations**

19.    Defendant admits that Bextra® was approved by the FDA, on November 16, 2001. Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    arthritis, as well as for the treatment of primary dysmenorrhea.  Defendant admits that

2    Celebrex® was approved by the FDA, on December 31, 1998.  Defendant admits that

3    Celebrex® is a prescription medication which is approved by the FDA for the following

4    indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs

5    and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults;

6    (4) for treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal

7    polyps in familial andenomatous polyposis ("FAP") as an adjunct to usual care (e.g. endoscopic

8    surveillance surgery); (6) for the relief of signs and symptoms of ankylosing spondylitis; and

9    (7) fore the relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two

10   years and older.  Defendant denies the remaining allegations in this paragraph of the Complaint.

11   20.    Defendant admits that Bextra® and Celebrex® are in a class of drugs that is, at times,

12   referred to as non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendant states that the

13   remaining allegations in this paragraph of the Complaint are not directed toward Defendant,

14   and, therefore, no response is required.  To the extent that a response is deemed required,

15   Defendant states that Plaintiff fails to provide the context for the remaining allegations in this

16   paragraph of the Complaint.   Defendant is therefore without knowledge or information

17   sufficient to form a belief as to the truth of such allegations, and, therefore, denies the same.

18   21.    Defendant states that, as stated in the FDA-approved labeling for Bextra®, "[t]he

19   mechanism of action is believed to be due to inhibition of prostaglandin synthesis primarily

20   through inhibition of cyclooxygenase-2 (COX-2).   At therapeutic plasma concentrations in

21   humans valdecoxib does not inhibit cyclooxygenase-1 (COX-1)."  Defendant states that, as

22   stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is

23   believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of

24   cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not

25   inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendant states that the remaining

26   allegations in this paragraph of the Complaint are not directed toward Defendant, and,

27   therefore, no response is required.  To the extent that a response is deemed required, Defendant

28   states that Plaintiff fails to provide the context for the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    the Complaint.  Defendant is therefore without knowledge or information sufficient to form a

2    belief as to the truth of such allegations, and, therefore, denies the same.

3    22.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

4    used in accordance with their FDA-approved prescribing information.  Defendant states that the

5    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

6    approved prescribing information, which was at all times adequate and comported with

7    applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

8    remaining allegations in this paragraph of the Complaint.

9    23.    Defendant states that the referenced media statement speaks for itself and respectfully

10    refers the Court to the media statement for its actual language and full text.  Any attempt to

11    characterize the media statement is denied.  Defendant denies the remaining allegations in this

12    paragraph of the Complaint.

13    24.    Defendant admits that the sale of Bextra® was voluntarily suspended in the U.S.

14    market as of April 7, 2005.  Defendant denies any wrongful conduct and denies the remaining

15    allegations in this paragraph of the Complaint.

16    25.    Defendant admits that, during certain periods of time, it marketed and co-promoted

17    Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are

18    by law authorized to prescribe drugs in accordance with their approval by the FDA.

19    Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is

20    indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

21    arthritis, as well as for the treatment of primary dysmenorrhea.   Defendant admits that

22    Celebrex® is a prescription medication which is approved by the FDA for the following

23    indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs

24    and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in

25    adults; (4) for treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous

26    colorectal polyps in familial andenomatous polyposis ("FAP") as an adjunct to usual care (e.g.

27    endoscopic surveillance surgery); (6) for the relief of signs and symptoms of ankylosing

28    spondylitis; and (7) fore the relief of the signs and symptoms of juvenile rheumatoid arthritis

1    in patients two years and older. Defendant denies the remaining allegations in this paragraph

2    of the Complaint.

3    26.    Defendant is without knowledge or information sufficient to form a belief as to the truth

4    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

5    or Celebrex®, and, therefore, denies the same.  Defendant states that Bextra® and Celebrex®

6    were and are safe and effective when used in accordance with their FDA-approved prescribing

7    information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are

8    adequately described in their FDA-approved prescribing information, which was at all times

9    adequate and comported with applicable standards of care and law.  Defendant denies any

10    wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

11    27.    Defendant is without knowledge or information sufficient to form a belief as to the truth

12    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

13    or Celebrex®, and, therefore, denies the same.  Defendant states that Bextra® and Celebrex®

14    were and are safe and effective when used in accordance with their FDA-approved prescribing

15    information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are

16    adequately described in their FDA-approved prescribing information, which was at all times

17    adequate and comported with applicable standards of care and law.  Defendant denies any

18    wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

19    28.    Defendant is without knowledge or information sufficient to form a belief as to the truth

20    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

21    or Celebrex®, and, therefore, denies the same.  Defendant states that Bextra® and Celebrex®

22    were and are safe and effective when used in accordance with their FDA-approved prescribing

23    information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are

24    adequately described in their FDA-approved prescribing information, which was at all times

25    adequate and comported with applicable standards of care and law.  Defendant denies any

26    wrongful conduct, denies that Bextra® or Celebrex® are unreasonably dangerous, and denies

27    the remaining allegations in this paragraph of the Complaint.

28    29.    Defendant is without knowledge or information sufficient to form a belief as to the truth

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

or Celebrex®, and, therefore, denies the same. Defendant states that Bextra® and Celebrex®

were and are safe and effective when used in accordance with their FDA-approved prescribing

information. Defendant states that the potential effects of Bextra® and Celebrex® were and are

adequately described in their FDA-approved prescribing information, which was at all times

adequate and comported with applicable standards of care and law. Defendant denies any

wrongful conduct, denies that Bextra® or Celebrex® are defective, denies that Bextra® or

Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this

paragraph of the Complaint.

### Response to First Cause of Action: Negligence and Negligence Per Se

30.     Defendant incorporates by reference its responses to each paragraph of Plaintiff's

Complaint as if fully set forth herein.

31.     Defendant admits that it had duties as are imposed by law but denies having breached

such duties. Defendant states that Bextra® and Celebrex® were and are safe and effective

when used in accordance with their FDA-approved prescribing information. Defendant states

that the potential effects of Bextra® and Celebrex® were and are adequately described in their

FDA-approved prescribing information, which was at all times adequate and comported with

applicable standards of care and law. Defendant denies the remaining allegations in this

paragraph of the Complaint.

32.     Defendant states that Bextra® and Celebrex® were and are safe and effective when

used in accordance with their FDA-approved prescribing information. Defendant states that the

potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

approved prescribing information, which was at all times adequate and comported with

applicable standards of care and law. Defendant denies any wrongful conduct, denies that

Bextra® or Celebrex® are unreasonably dangerous, and denies the remaining allegations in this

paragraph of the Complaint.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    or Celebrex®, and, therefore, denies the same.  Defendant states that Bextra® and Celebrex®

2    were and are safe and effective when used in accordance with their FDA-approved prescribing

3    information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are

4    adequately described in their FDA-approved prescribing information, which was at all times

5    adequate and comported with applicable standards of care and law.  Defendant denies any

6    wrongful conduct and denies the remaining allegations in this paragraph of the Complaint,

7    including all subparts.

8    34.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

9    used in accordance with their FDA-approved prescribing information.  Defendant states that the

10    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

11    approved prescribing information, which was at all times adequate and comported with

12    applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

13    remaining allegations in this paragraph of the Complaint.

14    35.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

15    used in accordance with their FDA-approved prescribing information.  Defendant states that the

16    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

17    approved prescribing information, which was at all times adequate and comported with

18    applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

19    Bextra® or Celebrex® are unreasonably dangerous, and denies the remaining allegations in this

20    paragraph of the Complaint.

21    36.    Defendant is without knowledge or information sufficient to form a belief as to the truth

22    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

23    or Celebrex®, and, therefore, denies the same.  Defendant states that Bextra® and Celebrex®

24    were and are safe and effective when used in accordance with their FDA-approved prescribing

25    information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are

26    adequately described in their FDA-approved prescribing information, which was at all times

27    adequate and comported with applicable standards of care and law.  Defendant denies any

28    wrongful conduct, denies that Bextra® or Celebrex® caused Plaintiff injury or damages, and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  denies the remaining allegations in this paragraph of the Complaint.

2  37.      Defendant is without knowledge or information sufficient to form a belief as to the truth

3  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

4  or Celebrex®, and, therefore, denies the same.  Defendant admits that, during certain periods of

5  time, it marketed and co-promoted Bextra® and Celebrex® in the United States to be

6  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

7  with their approval by the FDA.  Defendant states that Bextra® and Celebrex® were and are

8  safe and effective when used in accordance with their FDA-approved prescribing information.

9  Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately

10  described in their FDA-approved prescribing information, which was at all times adequate and

11  comported with applicable standards of care and law.  Defendant admits that the sale of

12  Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005.  Defendant denies

13  any wrongful conduct, denies that Bextra® or Celebrex® are unreasonably dangerous, and

14  denies the remaining allegations in this paragraph of the Complaint.

15  38.      Defendant is without knowledge or information sufficient to form a belief as to the truth

16  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

17  or Celebrex®, and, therefore, denies the same.  Defendant denies any wrongful conduct, denies

18  that Bextra® or Celebrex® caused Plaintiff injury or damages, and denies the remaining

19  allegations in this paragraph of the Complaint.

20  39.      Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused

21  Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

22  Complaint.

23  40.      Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused

24  Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

25  Complaint.

26  41.      Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused

27  Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

28  Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

42.    Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Products Liability**

43.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

44.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra® or Celebrex®, and, therefore, denies the same. Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant denies the remaining allegations in this paragraph of the Complaint.

45.    Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states that, in the ordinary case, Bextra® and Celebrex® were expected to reach users and consumers without substantial change from the time of sale. Defendant denies the remaining allegations in this paragraph of the Complaint.

46.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra® or Celebrex®, and, therefore, denies the same. Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® are defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

47.    Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® are defective, and denies the remaining allegations in this paragraph of the Complaint.

48.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra® or Celebrex®, and, therefore, denies the same. Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® are defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

49.    Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® are defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

50.    Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® are defective, and denies the remaining allegations in this paragraph of the Complaint.

51.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra® or Celebrex®, and, therefore, denies the same. Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  adequate and comported with applicable standards of care and law. Defendant denies the

2  remaining allegations in this paragraph of the Complaint.

3  52.    Defendant is without knowledge or information sufficient to form a belief as to the truth

4  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

5  or Celebrex®, and, therefore, denies the same. Defendant states that Bextra® and Celebrex®

6  were and are safe and effective when used in accordance with their FDA-approved prescribing

7  information. Defendant states that the potential effects of Bextra® and Celebrex® were and are

8  adequately described in their FDA-approved prescribing information, which was at all times

9  adequate and comported with applicable standards of care and law. Defendant denies any

10 wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

11 53.    Defendant states that this paragraph of the Complaint contains legal contentions to

12 which no response is required. To the extent that a response is deemed required, Defendant

13 admits that it had duties as are imposed by law but denies having breached such duties.

14 Defendant states that Bextra® and Celebrex® were and are safe and effective when used in

15 accordance with their FDA-approved prescribing information. Defendant states that the

16 potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

17 approved prescribing information, which was at all times adequate and comported with

18 applicable standards of care and law. Defendant denies any wrongful conduct, denies that

19 Bextra® or Celebrex® are unreasonably dangerous, and denies the remaining allegations in this

20 paragraph of the Complaint.

21 54.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

22 used in accordance with their FDA-approved prescribing information. Defendant states that the

23 potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

24 approved prescribing information, which was at all times adequate and comported with

25 applicable standards of care and law. Defendant denies any wrongful conduct, denies that

26 Bextra® or Celebrex® are unreasonably dangerous, and denies the remaining allegations in this

27 paragraph of the Complaint.

28 55.    Defendant is without knowledge or information sufficient to form a belief as to the truth

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

2    or Celebrex®, and, therefore, denies the same.  Defendant states that Bextra® and Celebrex®

3    were and are safe and effective when used in accordance with their FDA-approved prescribing

4    information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are

5    adequately described in their FDA-approved prescribing information, which was at all times

6    adequate and comported with applicable standards of care and law.  Defendant denies any

7    wrongful conduct, denies that Bextra® or Celebrex® are defective or unreasonably dangerous,

8    denies that Bextra® or Celebrex® caused Plaintiff injury or damages, and denies the remaining

9    allegations in this paragraph of the Complaint.

10    56.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

11    used in accordance with their FDA-approved prescribing information.  Defendant states that the

12    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

13    approved prescribing information, which was at all times adequate and comported with

14    applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

15    Bextra® or Celebrex® are defective, and denies the remaining allegations in this paragraph of

16    the Complaint.

17    57.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

18    used in accordance with their FDA-approved prescribing information.  Defendant states that the

19    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

20    approved prescribing information, which was at all times adequate and comported with

21    applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

22    Bextra® or Celebrex® are defective, and denies the remaining allegations in this paragraph of

23    the Complaint.

24    58.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

25    used in accordance with their FDA-approved prescribing information.  Defendant states that the

26    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

27    approved prescribing information, which was at all times adequate and comported with

28    applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra® or Celebrex® are defective, and denies the remaining allegations in this paragraph of the Complaint.

59.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra® or Celebrex®, and, therefore, denies the same. Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® are defective, and denies the remaining allegations in this paragraph of the Complaint.

60.    Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® are defective, denies that Bextra® or Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

61.    Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® are defective, and denies the remaining allegations in this paragraph of the Complaint.

62.    Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® are defective, denies that Bextra® or Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

63.     Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

64.     Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

65.     Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Third Cause of Action: Breach of Express Warranty

66.     Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

67.     Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant admits that it provided FDA-approved prescribing information regarding Bextra® and Celebrex®.  Defendant denies the remaining allegations in this paragraph of the Complaint.

68.     Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    remaining allegations in this paragraph of the Complaint.

2    69.    Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused

3    Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

4    Complaint.

5    70.    Defendant admits that it provided FDA-approved prescribing information regarding

6    Bextra® and Celebrex®.  Defendant denies the remaining allegations in this paragraph of the

7    Complaint.

8    71.    Defendant admits that it provided FDA-approved prescribing information regarding

9    Bextra® and Celebrex®.  Defendant denies the remaining allegations in this paragraph of the

10   Complaint.

11   72.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

12   used in accordance with their FDA-approved prescribing information.  Defendant states that the

13   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

14   approved prescribing information, which was at all times adequate and comported with

15   applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

16   Bextra® or Celebrex® are defective, and denies the remaining allegations in this paragraph of

17   the Complaint.

18   73.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

19   used in accordance with their FDA-approved prescribing information.  Defendant states that the

20   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

21   approved prescribing information, which was at all times adequate and comported with

22   applicable standards of care and law.  Defendant admits that it provided FDA-approved

23   prescribing information regarding Bextra® and Celebrex®.  Defendant denies the remaining

24   allegations in this paragraph of the Complaint.

25   74.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

26   used in accordance with their FDA-approved prescribing information.  Defendant states that the

27   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

28   approved prescribing information, which was at all times adequate and comported with

1   applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

2   remaining allegations in this paragraph of the Complaint.

3   75.    Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused

4   Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

5   Complaint.

6   76.    Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused

7   Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

8   Complaint.

9   77.    Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused

10  Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

11  Complaint.

12  78.    Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused

13  Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

14  Complaint.

15  **<u>Response to Fourth Cause of Action: Breach of Implied Warranties</u>**

16  79.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

17  Complaint as if fully set forth herein.

18  80.    Defendant admits that, during certain periods of time, it marketed and co-promoted

19  Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are

20  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant

21  denies the remaining allegations in this paragraph of the Complaint.

22  81.    Defendant is without knowledge or information sufficient to form a belief as to the truth

23  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

24  or Celebrex®, and, therefore, denies the same.  Defendant states that Bextra® and Celebrex®

25  were and are safe and effective when used in accordance with their FDA-approved prescribing

26  information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are

27  adequately described in their FDA-approved prescribing information, which was at all times

28  adequate and comported with applicable standards of care and law.  Defendant admits that it

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   provided FDA-approved prescribing information regarding Bextra® and Celebrex®.

2   Defendant denies the remaining allegations in this paragraph of the Complaint.

3   82.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

4   used in accordance with their FDA-approved prescribing information. Defendant states that the

5   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

6   approved prescribing information, which was at all times adequate and comported with

7   applicable standards of care and law. Defendant admits that it provided FDA-approved

8   prescribing information regarding Bextra® and Celebrex®. Defendant denies the remaining

9   allegations in this paragraph of the Complaint.

10  83.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

11  used in accordance with their FDA-approved prescribing information. Defendant states that the

12  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

13  approved prescribing information, which was at all times adequate and comported with

14  applicable standards of care and law. Defendant denies any wrongful conduct, denies that

15  Bextra® or Celebrex® are defective or unreasonably dangerous, and denies the remaining

16  allegations in this paragraph of the Complaint.

17  84.    Defendant is without knowledge or information sufficient to form a belief as to the truth

18  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

19  or Celebrex®, and, therefore, denies the same. Defendant states that Bextra® and Celebrex®

20  were and are safe and effective when used in accordance with their FDA-approved prescribing

21  information. Defendant states that the potential effects of Bextra® and Celebrex® were and are

22  adequately described in their FDA-approved prescribing information, which was at all times

23  adequate and comported with applicable standards of care and law. Defendant admits that it

24  provided FDA-approved prescribing information regarding Bextra® and Celebrex®.

25  Defendant denies the remaining allegations in this paragraph of the Complaint.

26  85.    Defendant is without knowledge or information sufficient to form a belief as to the truth

27  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

28  or Celebrex®, and, therefore, denies the same. Defendant states that Bextra® and Celebrex®

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 were and are safe and effective when used in accordance with their FDA-approved prescribing

2 information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are

3 adequately described in their FDA-approved prescribing information, which was at all times

4 adequate and comported with applicable standards of care and law.  Defendant admits that it

5 provided  FDA-approved  prescribing  information  regarding  Bextra®  and  Celebrex®.

6 Defendant denies the remaining allegations in this paragraph of the Complaint.

7 86.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

8 used in accordance with their FDA-approved prescribing information.  Defendant states that the

9 potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

10 approved prescribing information, which was at all times adequate and comported with

11 applicable standards of care and law.  Defendant states that, in the ordinary case, Bextra® and

12 Celebrex® were expected to reach users and consumers without substantial change from the

13 time of sale.  Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® are

14 defective or unreasonably dangerous, and denies remaining allegations in this paragraph of the

15 Complaint.

16 87.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

17 used in accordance with their FDA-approved prescribing information.  Defendant states that the

18 potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

19 approved prescribing information, which was at all times adequate and comported with

20 applicable standards of care and law.  Defendant denies any wrongful conduct and denies

21 remaining allegations in this paragraph of the Complaint.

22 88.    Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused

23 Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

24 Complaint.

25 89.    Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused

26 Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

27 Complaint.

28 90.    Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused

1  Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

2  Complaint.

3  91.    Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused

4  Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

5  Complaint.

6  **Response to Fifth Cause of Action: Fraudulent Misrepresentation**

7  92.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

8  Complaint as if fully set forth herein.

9  93.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

10  used in accordance with their FDA-approved prescribing information.  Defendant states that the

11  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

12  approved prescribing information, which was at all times adequate and comported with

13  applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

14  remaining allegations in this paragraph of the Complaint.

15  94.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

16  used in accordance with their FDA-approved prescribing information.  Defendant states that the

17  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

18  approved prescribing information, which was at all times adequate and comported with

19  applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

20  remaining allegations in this paragraph of the Complaint.

21  95.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

22  used in accordance with their FDA-approved prescribing information.  Defendant states that the

23  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

24  approved prescribing information, which was at all times adequate and comported with

25  applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

26  remaining allegations in this paragraph of the Complaint.

27  96.    Defendant is without knowledge or information sufficient to form a belief as to the truth

28  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    or Celebrex®, and, therefore, denies the same.  Defendant states that Bextra® and Celebrex®

2    were and are safe and effective when used in accordance with their FDA-approved prescribing

3    information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are

4    adequately described in their FDA-approved prescribing information, which was at all times

5    adequate and comported with applicable standards of care and law.  Defendant denies any

6    wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

7    97.    Defendant is without knowledge or information sufficient to form a belief as to the truth

8    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

9    or Celebrex®, and, therefore, denies the same.  Defendant states that Bextra® and Celebrex®

10   were and are safe and effective when used in accordance with their FDA-approved prescribing

11   information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are

12   adequately described in their FDA-approved prescribing information, which was at all times

13   adequate and comported with applicable standards of care and law.  Defendant denies any

14   wrongful conduct, denies that Bextra® or Celebrex® caused Plaintiff injury or damages, and

15   denies the remaining allegations in this paragraph of the Complaint.

16   98.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

17   used in accordance with their FDA-approved prescribing information.  Defendant states that the

18   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

19   approved prescribing information, which was at all times adequate and comported with

20   applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

21   Bextra® or Celebrex® are defective, and denies the remaining allegations in this paragraph of

22   the Complaint.

23   99.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

24   used in accordance with their FDA-approved prescribing information.  Defendant states that the

25   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

26   approved prescribing information, which was at all times adequate and comported with

27   applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

28   remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

100.     Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

101.     Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

102.     Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

103.     Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Sixth Cause of Action: Fraudulent Concealment

104.     Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

105.     Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

106.     Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

1  remaining allegations in this paragraph of the Complaint.

2  107.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

3  used in accordance with their FDA-approved prescribing information.  Defendant states that the

4  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

5  approved prescribing information, which was at all times adequate and comported with

6  applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

7  Bextra® or Celebrex® are defective, and denies the remaining allegations in this paragraph of

8  the Complaint, including all subparts.

9  108.    Defendant states that this paragraph of the Complaint contains legal contentions to

10  which no response is required.  To the extent that a response is deemed required, Defendant

11  admits that it had duties as are imposed by law but denies having breached such duties.

12  Defendant states that Bextra® and Celebrex® were and are safe and effective when used in

13  accordance with their FDA-approved prescribing information.    Defendant states that the

14  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

15  approved prescribing information, which was at all times adequate and comported with

16  applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

17  remaining allegations in this paragraph of the Complaint.

18  109.    Defendant is without knowledge or information sufficient to form a belief as to the truth

19  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

20  or Celebrex®, and, therefore, denies the same.  Defendant states that Bextra® and Celebrex®

21  were and are safe and effective when used in accordance with their FDA-approved prescribing

22  information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are

23  adequately described in their FDA-approved prescribing information, which was at all times

24  adequate and comported with applicable standards of care and law.  Defendant denies any

25  wrongful conduct, denies that Bextra® or Celebrex® are defective, denies that Bextra® or

26  Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this

27  paragraph of the Complaint.

28  110.    Defendant is without knowledge or information sufficient to form a belief as to the truth

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

2  or Celebrex®, and, therefore, denies the same.  Defendant states that Bextra® and Celebrex®

3  were and are safe and effective when used in accordance with their FDA-approved prescribing

4  information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are

5  adequately described in their FDA-approved prescribing information, which was at all times

6  adequate and comported with applicable standards of care and law.  Defendant denies any

7  wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

8  111.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

9  used in accordance with their FDA-approved prescribing information.  Defendant states that the

10  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

11  approved prescribing information, which was at all times adequate and comported with

12  applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

13  remaining allegations in this paragraph of the Complaint.

14  112.    Defendant is without knowledge or information sufficient to form a belief as to the truth

15  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

16  or Celebrex®, and, therefore, denies the same.  Defendant states that Bextra® and Celebrex®

17  were and are safe and effective when used in accordance with their FDA-approved prescribing

18  information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are

19  adequately described in their FDA-approved prescribing information, which was at all times

20  adequate and comported with applicable standards of care and law.  Defendant denies any

21  wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

22  113.    Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused

23  Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

24  Complaint.

25  114.    Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused

26  Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

27  Complaint.

28  115.    Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused

1    Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

2    Complaint.

3    <u>**Response to Seventh Cause of Action: Negligent Misrepresentation**</u>

4    116.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

5    Complaint as if fully set forth herein.

6    117.    Defendant states that this paragraph of the Complaint contains legal contentions to

7    which no response is required.  To the extent that a response is deemed required, Defendant

8    admits that it had duties as are imposed by law but denies having breached such duties.

9    Defendant states that Bextra® and Celebrex® were and are safe and effective when used in

10   accordance with their FDA-approved prescribing information.  Defendant states that the

11   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

12   approved prescribing information, which was at all times adequate and comported with

13   applicable standards of care and law.  Defendant denies the remaining allegations in this

14   paragraph of the Complaint.

15   118.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

16   used in accordance with their FDA-approved prescribing information.  Defendant states that the

17   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

18   approved prescribing information, which was at all times adequate and comported with

19   applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

20   remaining allegations in this paragraph of the Complaint.

21   119.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

22   used in accordance with their FDA-approved prescribing information.  Defendant states that the

23   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

26   Bextra® or Celebrex® are unreasonably dangerous, and denies the remaining allegations in this

27   paragraph of the Complaint.

28   120.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

used in accordance with their FDA-approved prescribing information. Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

121.   Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® are unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

122.   Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

123.   Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

124.   Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Eighth Cause of Action: Fraud and Deceit**

125.   Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

126.   Defendant states that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendant therefore lacks knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, denies the same.

127.   Defendant states that Bextra® and Celebrex® were and are safe and effective when

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

used in accordance with their FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

128.    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

129.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant admits that it had duties as are imposed by law but denies having breached such duties.  Defendant denies the remaining allegations in this paragraph of the Complaint.

130.    Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

131.    Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies the remaining allegations in this paragraph of the Complaint.

132.    Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

1    remaining allegations in this paragraph of the Complaint.

2    133.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

3    used in accordance with their FDA-approved prescribing information.  Defendant states that the

4    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

5    approved prescribing information, which was at all times adequate and comported with

6    applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

7    remaining allegations in this paragraph of the Complaint.

8    134.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

9    used in accordance with their FDA-approved prescribing information.  Defendant states that the

10   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

11   approved prescribing information, which was at all times adequate and comported with

12   applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

13   remaining allegations in this paragraph of the Complaint.

14   135.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

15   used in accordance with their FDA-approved prescribing information.  Defendant states that the

16   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

17   approved prescribing information, which was at all times adequate and comported with

18   applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

19   remaining allegations in this paragraph of the Complaint.

20   136.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

21   used in accordance with their FDA-approved prescribing information.  Defendant states that the

22   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

23   approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

25   remaining allegations in this paragraph of the Complaint.

26   137.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

27   used in accordance with their FDA-approved prescribing information.  Defendant states that the

28   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    approved prescribing information, which was at all times adequate and comported with

2    applicable standards of care and law. Defendant denies any wrongful conduct and denies the

3    remaining allegations in this paragraph of the Complaint.

4    138.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

5    used in accordance with their FDA-approved prescribing information. Defendant states that the

6    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

7    approved prescribing information, which was at all times adequate and comported with

8    applicable standards of care and law. Defendant denies any wrongful conduct and denies the

9    remaining allegations in this paragraph of the Complaint.

10   139.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

11   used in accordance with their FDA-approved prescribing information. Defendant states that the

12   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

13   approved prescribing information, which was at all times adequate and comported with

14   applicable standards of care and law. Defendant denies any wrongful conduct and denies the

15   remaining allegations in this paragraph of the Complaint.

16   140.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

17   used in accordance with their FDA-approved prescribing information. Defendant states that the

18   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

19   approved prescribing information, which was at all times adequate and comported with

20   applicable standards of care and law. Defendant denies any wrongful conduct and denies the

21   remaining allegations in this paragraph of the Complaint.

22   141.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

23   used in accordance with their FDA-approved prescribing information. Defendant states that the

24   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

25   approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law. Defendant denies any wrongful conduct and denies the

27   remaining allegations in this paragraph of the Complaint.

28   142.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

used in accordance with their FDA-approved prescribing information. Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

143.    Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

144.    Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

145.    Defendant states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendant states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

146.    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

147.    Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    denies the remaining allegations in this paragraph of the Complaint.

2    148.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

3    used in accordance with their FDA-approved prescribing information. Defendant states that the

4    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

5    approved prescribing information, which was at all times adequate and comported with

6    applicable standards of care and law. Defendant denies any wrongful conduct and denies the

7    remaining allegations in this paragraph of the Complaint.

8    149.    Defendant states that Bextra® and Celebrex® were and are safe and effective when

9    used in accordance with their FDA-approved prescribing information. Defendant states that the

10   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

11   approved prescribing information, which was at all times adequate and comported with

12   applicable standards of care and law. Defendant denies any wrongful conduct and denies the

13   remaining allegations in this paragraph of the Complaint.

14   150.    Defendant is without knowledge or information sufficient to form a belief as to the truth

15   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

16   or Celebrex®, and, therefore, denies the same. Defendant states that Bextra® and Celebrex®

17   were and are safe and effective when used in accordance with their FDA-approved prescribing

18   information. Defendant states that the potential effects of Bextra® and Celebrex® were and are

19   adequately described in their FDA-approved prescribing information, which was at all times

20   adequate and comported with applicable standards of care and law. Defendant denies any

21   wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

22   151.    Defendant denies any wrongful conduct and denies the remaining allegations in this

23   paragraph of the Complaint.

24   152.    Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused

25   Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

26   Complaint.

27   153.    Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused

28   Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Complaint.

2   154.    Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused

3   Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

4   Complaint.

5   **Response to Prayer for Relief**

6       Defendant denies any wrongful conduct, denies that Bextra® or Celebrex® caused

7   Plaintiff injury or damages, and denies the remaining allegations in Plaintiff's Prayer for Relief,

8   including all subparts.

9   **III.**

10  **GENERAL DENIAL**

11      Defendant denies the allegations and/or legal conclusions set forth in Plaintiff's

12  Complaint that have not been previously admitted, denied, or explained.

13  **IV.**

14  **AFFIRMATIVE DEFENSES**

15      Defendant reserves the right to rely upon any of the following or additional defenses to

16  claims asserted by Plaintiff to the extent that such defenses are supported by information

17  developed through discovery or evidence at trial.  Defendant affirmatively shows that:

18  **First Defense**

19  1.    The Complaint fails to state a claim upon which relief can be granted.

20  **Second Defense**

21  2.    Bextra® and Celebrex® are prescription medical products.  The federal government

22  has preempted the field of law applicable to the labeling and warning of prescription medical

23  products.  Defendant's labeling and warning of Bextra® and Celebrex® was at all times in

24  compliance with applicable federal law.  Plaintiff's causes of action against Defendant,

25  therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would

26  conflict with applicable federal law and violate the Supremacy Clause of the United States

27  Constitution.

28

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Third Defense**

3.    At all relevant times, Defendant provided proper warnings, information and instructions for the drugs in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4.    At all relevant times, Defendant's warnings and instructions with respect to the use of Bextra® and Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

**Fifth Defense**

5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendant.

**Sixth Defense**

6.    Plaintiff's action is barred by the statute of repose.

**Seventh Defense**

7.    Plaintiff's claims against Defendant are barred to the extent Plaintiff was contributorily negligent, actively negligent or otherwise failed to mitigate Plaintiff's damages, and any recovery by Plaintiff should be diminished accordingly.

**Eighth Defense**

8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

**Ninth Defense**

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiff were not caused by Bextra® or Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction,

operation of nature, or act of God.

**Eleventh Defense**

11.    Defendant affirmatively denies that it violated any duty owed to Plaintiff.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.    Bextra® and Celebrex® are prescription medical products, available only on the order of a licensed physician.  Bextra® and Celebrex® rovided adequate warnings to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.    The products at issue were not in a defective condition or unreasonably dangerous at the time the products left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® and Celebrex® were at all times material to the Complaint reasonably safe and reasonably fit for their intended use and the warnings and instructions accompanying Bextra® and Celebrex® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiff's causes of action are barred, in whole or in part, by the lack of a defect as the Bextra® and Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of the products Bextra® and Celebrex® after the products left the control of Defendant and any liability of Defendant is therefore barred.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

### Seventeenth Defense

17.    Plaintiff's alleged injuries/damages were not caused by any failure to warn on the part of Defendant.

### Eighteenth Defense

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra® and Celebrex®.

### Nineteenth Defense

19.    Plaintiff knew or should have known of any risk associated with Bextra® and Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.    Plaintiff is barred from recovering against Defendant because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because the subject pharmaceutical products at issue were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.    The manufacture, distribution, and sale of the pharmaceutical products referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

### Twenty-third Defense

23.    Plaintiff's claims are barred, in whole or in part, by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical products at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.    Plaintiff's claims are barred, in whole or in part, because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   federal laws, regulations, and rules.

2   ### Twenty-fifth Defense

3   25.     Plaintiff's claims are barred, in whole or in part, because Defendant provided adequate

4   "direction or warnings" as to the use of the subject pharmaceutical products within the

5   meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

6   ### Twenty-sixth Defense

7   26.     Plaintiff's claims are barred or limited to a product liability failure to warn claim

8   because Bextra® and Celebrex® are prescription pharmaceutical drugs and fall within the

9   ambit of Restatement (Second) of Torts § 402A, Comment k.

10   ### Twenty-seventh Defense

11   27.     Plaintiff's claims are barred, in whole or in part, because the subject pharmaceutical

12   products at issue "provide[] net benefits for a class of patients" within the meaning of

13   Restatement (Third) of Torts: Products Liability, § 6, Comment f.

14   ### Twenty-eighth Defense

15   28.     Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

16   Products Liability.

17   ### Twenty-ninth Defense

18   29.     To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead

19   facts sufficient under the law to justify an award of punitive damages.

20   ### Thirtieth Defense

21   30.     Defendant affirmatively avers that the imposition of punitive damages in this case

22   would violate Defendant's rights to procedural due process under the Fourteenth Amendment

23   of the United States Constitution and the Constitution of the State of California, and would

24   additionally violate Defendant's rights to substantive due process under the Fourteenth

25   Amendment of the United States Constitution.

26   ### Thirty-first Defense

27   31.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

28   Fourteenth Amendments to the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Thirty-second Defense

2    32.    The imposition of punitive damages in this case would violate the First Amendment to

3    the United States Constitution.

4

### Thirty-third Defense

5    33.    Plaintiff's punitive damage claims are preempted by federal law.

6

### Thirty-fourth Defense

7    34.    In the event that reliance was placed upon Defendant's nonconformance to an express

8    representation, this action is barred as there was no reliance upon representations, if any, of

9    Defendant.

10

### Thirty-fifth Defense

11    35.    Plaintiff failed to provide Defendant with timely notice of any alleged nonconformance

12    to any express representation.

13

### Thirty-sixth Defense

14    36.    To the extent that Plaintiff's claims are based on a theory providing for liability

15    without proof of causation, the claims violate Defendant's rights under the United States

16    Constitution.

17

### Thirty-seventh Defense

18    37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any,

19    and labeling with respect to the subject pharmaceutical products were not false or misleading

20    and, therefore, constitute protected commercial speech under the applicable provisions of the

21    United States Constitution.

22

### Thirty-eighth Defense

23    38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

24    caused injuries asserted in the Complaint, punitive damages are barred or reduced by

25    applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the

26    due process protections afforded by the United States Constitution, the excessive fines clause

27    of the Eighth Amendment of the United States Constitution, the Commerce Clause of the

28    United States Constitution, and the Full Faith and Credit Clause of the United States

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Constitution, and applicable provisions of the Constitution of the State of California.   Any

2   law, statute, or other authority purporting to permit the recovery of punitive damages in this

3   case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1)

4   lacks constitutionally sufficient standards to guide and restrain the jury's discretion in

5   determining whether to award punitive damages and/or the amount, if any; (2) is void for

6   vagueness in that it failed to provide adequate advance notice as to what conduct will result in

7   punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct,

8   conduct that complied with applicable law, or conduct that was not directed, or did not

9   proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount

10  that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to

11  the amount of compensatory damages, if any; (5) permits jury consideration of net worth or

12  other financial information relating to Defendant; (6) lacks constitutionally sufficient

13  standards to be applied by the trial court in post-verdict review of any punitive damages

14  awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages

15  awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without

16  limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v.*

17  *Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S.

18  559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

20  39.     The methods, standards, and techniques utilized with respect to the manufacture,

21  design, and marketing of Bextra® and Celebrex®, if any, used in this case, included adequate

22  warnings and instructions with respect to the products' use in the package inserts and other

23  literature, and conformed to the generally recognized, reasonably available, and reliable state

24  of the knowledge at the time the products were marketed.

### Fortieth Defense

26  40.     The claims asserted in the Complaint are barred because Bextra® and Celebrex® were

27  designed, tested, manufactured and labeled in accordance with the state-of-the-art industry

28  standards existing at the time of the sale.

1

**Forty-first Defense**

2   41.    If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information

3   and belief, such injuries and losses were caused by the actions of persons not having real or

4   apparent authority to take said actions on behalf of Defendant and over whom Defendant had

5   no control and for whom Defendant may not be held accountable.

6

**Forty-second Defense**

7   42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

8   and Celebrex® were not unreasonably dangerous or defective, were suitable for the purpose

9   for which they were intended, and were distributed with adequate and sufficient warnings.

10

**Forty-third Defense**

11   43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

12   waiver, and/or estoppel.

13

**Forty-fourth Defense**

14   44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the

15   pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

16   illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were

17   independent of or far removed from Defendant's conduct.

18

**Forty-fifth Defense**

19   45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

20   and Celebrex® did not proximately cause injuries or damages to Plaintiff.

21

**Forty-sixth Defense**

22   46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

23   did not incur any ascertainable loss as a result of Defendant's conduct.

24

**Forty-seventh Defense**

25   47.    The claims asserted in the Complaint are barred, in whole or in part, because the

26   manufacturing, labeling, packaging, and any advertising of the products complied with the

27   applicable codes, standards, and regulations established, adopted, promulgated, or approved

28   by any applicable regulatory body, including but not limited to the United States, any state,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-41-

and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Plaintiff would have taken Bextra® and Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Bextra® and Celebrex® outweighed their risks.

### Fiftieth Defense

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.   Defendant seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

### Fifty-second Defense

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® and Celebrex® are comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

language that should be used in the labeling accompanying Bextra® and Celebrex®. Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Art. VI, cl. 2, and the laws of the United States.

### Fifty-fourth Defense

54.     Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

55.     Defendant states on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

### Fifty-sixth Defense

56.     Defendant states on information and belief that any injuries, losses, or damages suffered by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendant.  Therefore, Plaintiff's recovery against Defendant, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

57.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendant, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

58.     Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

### IV.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing from Defendant by reason of the Complaint;

2.   That the Complaint be dismissed;

3.   That Defendant be awarded its costs for this lawsuit;

4.   That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.   That any judgment for damages against Defendant in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's damages; and

6.   That Defendant has such other and further relief as the Court deems appropriate.

July 22, 2008                                    GORDON & REES LLP


By: :_____/s/_____
          Stuart M. Gordon
          sgordon@gordonrees.com
          Embarcadero Center West
          275 Battery Street, 20th Floor
          San Francisco, CA 94111
          Telephone: (415) 986-5900
          Fax: (415) 986-8054

July 22, 2008                                    TUCKER ELLIS & WEST LLP


By: :_____/s/_____
          Michael C. Zellers
          michael.zellers@tuckerellis.com
          515 South Flower Street, Suite 4200
          Los Angeles, CA 90071-2223
          Telephone: (213) 430-3400
          Fax: (213) 430-3409

          Attorneys for Defendant
          PFIZER INC.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## JURY DEMAND

Defendant Pfizer Inc. hereby demands a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

July 22, 2008                                    GORDON & REES LLP


By: :_____/s/_____
        Stuart M. Gordon
        sgordon@gordonrees.com
        Embarcadero Center West
        275 Battery Street, 20th Floor
        San Francisco, CA 94111
        Telephone: (415) 986-5900
        Fax: (415) 986-8054

July 22, 2008                                    TUCKER ELLIS & WEST LLP


By:_____/s/_____
        Michael C. Zellers
        michael.zellers@tuckerellis.com
        515 South Flower Street, Suite 4200
        Los Angeles, CA 90071-2223
        Telephone: (213) 430-3400
        Fax: (213) 430-3409

        Attorneys for Defendant
        PFIZER INC.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111